CASE 70—PETITION EQUITY—MARCH 31.

# Stultz, &c., v. Farthing.

APPEAL FROM GRAVES COURT OF COMMON PLEAS.

APPELLATE JURISDICTION.—The Superior Court, and not the Court of Appeals, has jurisdiction of an appeal where the only question presented is as to the manner in which land is adjudged to be sold to satisfy a lien, provided the value in controversy is not greater than ($3,000) three thousand dollars. Such an appeal does not involve the title to a freehold.

SMITH & ROBBINS FOR APPELLANTS.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

This action was brought by Farthing to subject land to satisfaction of balance of purchase money evidenced by note for three hundred dollars, which the vendee, James, had given. It appears that James had sold the land to Winn and Stultz for the sum of one thousand two hundred dollars, and assigned notes given for the several installments of the purchase price to different persons, all of whom were made defendants to the action.

By the judgment rendered, the land was directed to be sold to satisfy first the note of Farthing, and as to priority of liens of those holding notes executed by Winn and Stultz to James no decision was rendered.

The only parties to this appeal are Winn and Stultz, vendees of James, and Farthing, his vendor. The "act to establish a Superior Court, and to regulate the same," gave to that court exclusive appellate jurisdiction over the final orders and judgments of all other courts of this Commonwealth that the Court of Appeals then had, except in such cases as are mentioned in section 3 of the act.

The only cases mentioned in that section, in which such controversy as this could be possibly included, are those involving the title to a freehold, or when the value in controversy is greater than three thousand dollars, exclusive of interest and costs.

There is here no dispute about the title to the land, the simple question presented being about the manner in which it was adjudged to be sold, nor is the value in controversy greater than three thousand dollars. Therefore, the appeal is not properly in this court, and is ordered to be transferred to the Superior Court, that, we think, has exclusive jurisdiction.